90

[793 NYS2d 765]

In the Matter of LAWRENCE D. DICKER (Admitted as LAWRENCE DAVID DICKER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 5, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Michael Ross*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Lawrence D. Dicker was admitted to the practice of law in the State of New York by the Second Judicial Department on August 20, 1974. At all times pertinent to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the ground that he was disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent, through counsel, does not oppose the petition.

Respondent was charged in an indictment filed in Supreme Court, New York County, with combination in restraint of trade and competition, in violation of General Business Law §§ 340 and 341; enterprise corruption, in violation of Penal Law § 460.20 (1) (a); two counts of commercial bribery in the first degree, in violation of Penal Law § 180.03; three counts of bribery in the third degree, in violation of Penal Law § 200.00; 68 counts of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35; and two counts of money laundering in the fourth degree, in violation of Penal Law § 470.05 (1) (a) (i) (A).

On February 2, 2005, respondent pleaded guilty to one count of offering a false instrument for filing in the first degree, a class E felony, in full satisfaction of the indictment. During his plea allocution, respondent admitted that he had filed a false retainer statement with the Office of Court Administration to conceal the identity of the true source of the client referral and the fact that he had paid for the referral. He also admitted that he had paid the same person for referrals of other clients and had concealed his relationship with this person by filing false retainer statements with OCA.

A conviction for any criminal offense classified as a felony under the laws of this state results in automatic disbarment by operation of law (Judiciary Law § 90 [4] [a], [e]). Accordingly, the petition should be granted and respondent's name stricken from the roll of attorneys in the State of New York (Judiciary Law § 90 [4] [b]).

TOM, J.P., ANDRIAS, MARLOW, ELLERIN and SWEENY, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to February 2, 2005.